Joan **TREMBLAY**, Petitioner,

v.

Winfred **OVERHOLSER**, Respondent.

No. 288–61.

United States District Court
District of Columbia.

Dec. 8, 1961.

Richard Arens, Washington, D. C., for petitioner.

David C. Acheson, U. S. Atty., and Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This is a petition for a writ of *habeas corpus* by an inmate of St. Elizabeths Hospital, a mental institution, against the Superintendent of the hospital, seeking release.

This case arose out of an arrest of the petitioner by a police officer of the District of Columbia on a charge of intoxication. The petitioner is apparently a lady of refinement and education who used to hold secretarial positions, and it is to be regretted, of course, that the evidence shows that on occasion she resorted to excessive use of alcoholic beverages and that these occasions have increased in frequency, in duration, and in degree. Having been arrested on a charge of intoxication, she could have deposited ten dollars collateral at the police station and been released and then forfeited collateral. However, for some reason or other she did not do so, perhaps because she was without funds.

When she was brought before the Criminal Branch of the Municipal Court counsel was assigned to her, who requested a mental examination. She was committed to the District of Columbia General Hospital for that purpose. Later a certificate was submitted by the Assistant Chief Psychiatrist of the hospital to the effect that she was competent to stand trial but that she was suffering from a mental illness, that is, anxiety neurosis, and it was the opinion of the staff that the act with which she was charged was a direct product of this mental illness.

She pleaded guilty to the charge of intoxication. The Court, in its discretion, declined to accept the plea. There is no doubt in the mind of this Court that a trial judge has full discretionary power to refuse to accept a plea of guilty and occasions are not infre-

quent, arising under various circumstances, under which such pleas are refused. The case went to trial. The fact that the petitioner was intoxicated was admitted and that could have ended the case and an appropriate sentence could have been imposed.

■ Neither she nor her counsel raised the issue of insanity, neither she nor her counsel introduced any evidence bearing on the issue of insanity, and no motion or request was made in her behalf for a finding of not guilty on the ground of insanity. However, the presiding Judge, on the basis of the report of the D. C. General Hospital, to which reference has just been made, found the plaintiff not guilty on the ground of insanity. The appropriate statute of the District of Columbia makes it mandatory on the Court, when a person is acquitted on a criminal charge on the ground of insanity, to commit such person to St. Elizabeths Hospital, and accordingly she was forthwith so committed. This took place on January 3, 1961. Petitioner has been an inmate of that hospital ever since, to this date.

The medical testimony introduced in behalf of the Government in response to the writ of *habeas corpus* is that the petitioner is suffering from a sociopathic personality disturbance, alcoholism addiction. In ordinary plain words, she is an alcoholic who lacks sufficient will power to refrain from indulging in alcoholic beverages to excess. The Government psychiatrist testified that it is debatable whether this condition constitutes a mental disease, although his own personal opinion was that it was a mental disease. He admitted that she was not suffering from a psychosis, in other words, that she was not insane in the popular use of that term.

Two psychiatrists called in her behalf testified that she had no mental disease or defect, that she was not dangerous, and that she was suffering from a personality or character defect which was not a mental disease. One of the psychiatrists called in her behalf admitted

on cross-examination that sociopathic personality is listed in an authoritative manual as a mental disease, but that the majority of psychiatrists disagree with that view. He also testified that a person suffering from a sociopathic personality could not be committed in a civil proceeding to a mental institution on that ground alone.

There is no doubt in the mind of the Court that the staff of St. Elizabeths Hospital is acting in good faith in accordance with what they deem to be the best approved standards of psychiatric care. The Court will make no finding, therefore, on the issue as to whether the refusal to certify her for release is arbitrary or capricious. It is not necessary to do so because the Court will determine and dispose of this case on a different issue,—a question of law.

■ The Court is of the opinion that it is a deprivation of a constitutional right to force any defense on a defendant in a criminal case or to compel any defendant in a criminal case to present a particular defense which he does not desire to advance. This principle of law is accentuated when the successful advancement of the particular defense must end in disaster, because a person who successfully pleads insanity must be committed to a mental institution.

■ There are many instances in which in jury trials a verdict is directed of not guilty on the ground of insanity. The Court of Appeals has never discussed, in any published opinion, to my knowledge, whether this practice is unconstitutional as depriving the defendant of a jury trial, but the point is that in all such cases the verdict is directed at the request of the defendant or his counsel and such a request may be deemed to be a waiver of constitutional rights. Here, the defendant did not want and took no step to take advantage of his defense and was committed as a criminal insane person although she did not advance a plea of insanity. The Court is of the opinion that this constitutes a violation of due process of law.

It may be that this petitioner needs hospitalization. Obviously, she should not be among insane people. There was a time when insane people were placed in jails, temporarily, at least. We looked upon this as a barbaric custom that has been pretty well eliminated. But we have reverted to it in reverse, we are placing sane people in insane institutions, which I think is even more barbaric. This is due very largely to the very unfortunate classification, with which a majority of psychiatrists disagree, on the part of St. Elizabeths Hospital, of sociopaths as persons having a mental disease.

The Court will grant the petition and sustain the writ and order this petitioner to be released.