Benjamin Brenner, J.
The record of the hearing conducted upon this application, in the nature of a writ of error coram nolis to dismiss a judgment of conviction, discloses no misconduct or negligence on the part of the attorney for the defendant, as claimed. The specific charge that the attorney informed the defendant that the latter’s mere presence in the room where the fatal shots were fired was automatically and legally sufficient *329 for conviction for first degree murder as an accomplice or co-conspirator, was not supported and was even discredited by the defendant’s own testimony. Indeed, he readily admitted that in the course of the five meetings between them, they discussed all the factual circumstances of the shooting, including the admitted facts that the defendant owned the rifle which he had previously taken to the room in question and deliberately declined to leave the room during the half-hour interval between the firing of the first shots and the fatal ones. The record thus tends to confirm the attorney’s version that he informed the defendant of the implications involved and of his conclusion that defendant risked conviction as an accomplice based on all the facts and not merely on the defendant’s presence in the room.
The defendant has thus failed to establish his burden of proof that the attorney was guilty of negligence or misconduct or that he deliberately misrepresented the defendant. Even if it could be said that there was error of judgment on the part of the obviously experienced attorney in inducing the defendant to plead guilty, such error would be insufficient to warrant vacating the judgment of conviction based on such plea (People v. Brown, 7 N Y 2d 359, cert. den. 365 U. S. 821; People v. Kling, 14 N Y 2d 571; People v. Tomaselli, 7 N Y 2d 350).
The defendant argues that he misconceived the law as to his culpability as an accomplice and that this is sufficient ground for reversal and cites People v. Shipman (14 N Y 2d 883). In that case one of the errors which defendant alleged was that the arresting officers had advised him that he had committed a crime even though he did not actually go into the room where the alleged crime was committed. However, in addition to this alleged error, the defendant had made a written statement prior to the entry of his plea of guilty which, if true, clearly indicated that he was guilty of no crime, in addition to which the defendant had entered his original plea without the advice of counsel and subsequently had specifically asked that the plea be withdrawn. The cited case, therefore, does not stand for the proposition that misconception of the law by a defendant is sufficient ground for dismissal of a judgment. Obviously, such a claim could readily be advanced by any convict who sought reversal or dismissal of a judgment of conviction.
There is, however, one aspect of the matter that does give me pause. It is quite true, as the defendant contends, that at the time of the plea I was misinformed about the identity of the person who actually fired the fatal shot. It was my impression then that it was this defendant who fired the rifle, although *330 at the time of sentence the matter was clarified and it was made known to me that, not this defendant, but the codefendant Caldwell had actually pulled the trigger. While it is true that where a defendant at the time of pleading guilty, or subsequent thereto, relates facts to the court relative to the crime which are inconsistent with his guilt of the crime to which he is pleading, the court should refuse to accept the guilty plea even if the defendant never requests its withdrawal (People v. Serrano, 15 N Y 2d 304; People v. Morales, 17 A D 2d 999), such was not the situation here. As indicated, when I accepted the plea, I did believe that this defendant had actually fired the shot but was made aware of defendant’s version of the crime, adequate to sustain his conviction, through the probation report and also from the colloquy at the time of sentence. Moreover, if the facts be true as alleged by the defendant (also previously unknown to the court) that the person who had actually pulled the trigger was so intoxicated that he was incapable of forming an intent and thus could not be guilty of any higher degree of homicide than manslaughter in the first degree, the defendant here pleaded guilty to no higher degree of homicide. This is unlike the situation in People v. Serrano (supra), where the facts alleged by the defendant at the time he pleaded guilty to murder in the second degree clearly showed that he could not be guilty of any degree of homicide higher than manslaughter in the first degree.
Thus, since there is no requirement that the court make inquiry as to the facts of the crime of a defendant at the time he pleads guilty (People v. Mason, 307 N. Y. 570) and the facts even as alleged by the defendant show that he would be guilty of manslaughter in the first degree, no basis remains for vacating the judgment of conviction.
The motion is denied and the District Attorney is directed to enter an order accordingly and to serve a copy thereof, with notice of entry, upon the defendant at the place where he is presently incarcerated.