Carolyn MULLEN, Petitioner,

v.

Dale C. CAMERON, Respondent.

No. 133–66.

United States District Court
District of Columbia.

May 23, 1966.

Edward T. Minor, Washington, D. C., for petitioner.

Thomas Lombard, Asst. U. S. Atty., for District of Columbia, for respondent.

HOLTZOFF, District Judge.

This is an application for a writ of *habeas corpus* by a patient in Saint Elizabeths Hospital,—a mental institution.

The petitioner was committed to Saint Elizabeths Hospital under the following circumstances. She was tried in the District of Columbia Court of General Sessions on a charge of assault. The Court found her not guilty on the ground of insanity. She had not interposed this defense, but the Court reached its conclusion of its own motion. Following this judgment the Court committed the petitioner to Saint Elizabeths Hospital under Section 24–301(a) of the District of Columbia Code.

This court held in Tremblay v. Overholser, D.C., 199 F.Supp. 569, decided on December 8, 1961, that the defense of insanity could not be forced on a defendant who did not desire to assert it. The Court reached that conclusion on the ground that Section 301(d) of Title 24 of the District of Columbia Code provides for a mandatory commitment to a mental hospital as to any defendant acquitted of a crime on the ground of insanity. In the *Tremblay* case, the Court sustained a petition for a writ of *habeas corpus* and granted the writ on the ground, namely, that the petitioner had been acquitted on the ground of insanity, although she did not plead insanity and did not interpose any such defense, and was then committed under Section 301(d). This Court predicated its conclusion on a constitutional basis, on the theory that in view of the mandatory commitment provision, it was a violation of due process of law to force the defense of insanity on a defendant

and thereby practically compel his incarceration in a mental hospital.

On May 21, 1962, the Supreme Court decided the case of Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211. It held that Section 301(d) which provides for a mandatory commitment of a person acquitted on the ground of insanity, should be limited to cases in which the defendant asserts or interposes the defense of insanity and should not extend to cases in which the defendant is acquitted on the ground of insanity either over his objection or where he fails to interpose such a defense. This decision, of course, eliminated the constitutional doubt that this Court had previously expressed in the *Tremblay* case. There is a brief statement at the end of the majority opinion in the *Lynch* case to the effect that if, under such circumstances, commitment is considered warranted, it must be accomplished either by resorting to Section 24–301(a) or by recourse to the civil commitment provisions in Title 21 of the District of Columbia Code.

This Court is of the opinion that 301 (a) is not applicable to the situation here presented. It is likely the writer of the Supreme Court opinion had other situations in mind, in view of the fact that he suggested the alternative of a recourse to civil commitment provisions.[1]

Section 301(a) deals with commitment for mental examination or for treatment, as the case may be, of a defendant in a criminal case who may appear to be incompetent to stand trial. Such a commitment may be made at any time prior to the imposition of sentence or prior to the expiration of any period of probation. Previously to the imposition of sentence, the criminal court has control over the defendant. If the defendant is placed on probation, this control still continues because upon revocation of probation the defendant may be committed either to serve the sentence

---

1. Chief Justice Marshall in Cohens v. Commonwealth of Virginia, 6 Wheat. 264, 398, 5 L.Ed. 257, emphatically warned against any reliance on *dicta* as binding expres- sions of the law, and stated that the actual ruling of a judicial decision must be viewed in the light of the pertinent facts.

previously imposed or, if none had been imposed, to serve a sentence that would be imposed in connection with the revocation of probation. The moment, however, that the defendant is found not guilty, whether on the ground of insanity or on any other ground, the criminal court ceases to have any control over him. The presiding judge no longer has any authority to hold a hearing under Section 301(a) and commit the defendant to a mental institution.

The Court is of the opinion, therefore, that the commitment under Section 301(a) of a person found not guilty on the ground of insanity where the defense of insanity was not interposed, is invalid and power to make such a commitment does not exist. Authority under Section 301(a) to commit a defendant to a mental institution is terminated as soon as the defendant is found not guilty, because then the criminal proceeding is at an end, and the criminal court no longer has control over him.

This Court reached the same conclusion in Fisher v. Overholser, Habeas Corpus No. 227–62, on July 12, 1962 (not reported). That decision was affirmed by the Court of Appeals, Cameron v. Fisher, 116 U.S.App.D.C. 9, 320 F.2d 731. The Government argues that the ruling of the Court of Appeals must be limited to its specific facts, because a considerable interval existed between the acquittal and the commitment, while in the instant case the commitment followed immediately after the acquittal. This Court is of the opinion that this difference in the facts is immaterial and does not create a distinction in principle. In either event, even if the question is still open in this Circuit, this Court for the reasons previously stated, adheres to the view that it has expressed. This conclusion does not deprive the public of the protection to which it is entitled,

because in such an instance civil commitment proceedings may be instituted and the public safeguarded in that manner. If civil commitment proceedings are instituted, however, the defendant would have the protection of a hearing before the Commission on Mental Health. If the conclusion of the Commission is adverse to him, he would have a right to a jury trial. The proceeding would not be more or less summary as is a proceeding under Section 301(a).

The Court is going to sustain the writ, but will stay its order for thirty days to enable the Government to institute civil commitment proceedings.[2]

Petition granted and writ sustained. Release of the petitioner stayed for thirty days to enable the Government to institute civil commitment proceedings, if it deems it advisable to do so.

---

2. The petitioner has written letters to the Court containing statements that are either the product of vicious fabrication or the figment of a disordered imagination. She may perhaps be laboring under delusions or hallucinations. While it would seem dangerous to set her at liberty without further scrutiny, she is, of course, entitled to the benefits of the procedure prescribed by law as indicated in the text.