453 P.2d 211

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Orlando Enrique LEYBA, Defendant-Appellant.**

**No. 230.**

Court of Appeals of New Mexico.

March 21, 1969.

Certiorari Denied April 7, 1969.

Joseph A. Roberts, Downs & Roberts, Santa Fe, for appellant.

James A. Maloney, Atty. Gen., Larry N. Smith, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Appealing his conviction of contributing to the delinquency of a minor, defendant asserts: (1) no crime was charged by the information, (2) his proffered guilty plea to assault should have been accepted, (3) he should have been permitted to plea in abatement, (4) the District Attorney commented upon his failure to testify, and (5) the verdicts on the contributing charge and the assault charge were inconsistent.

1. *Whether a crime was charged.*

Section 40A–6–3, N.M.S.A.1953 (Repl.Vol. 6) defines contributing to the delinquency of a minor in terms of an act or

omission which " * * * causes, or tends to cause or encourage the delinquency of any person under the age of eighteen [18] years." Here we are concerned with acts rather than omissions. Defendant's acts must have tended to cause or encourage delinquency upon the part of the prosecuting witness. Defendant contends "delinquency" must be determined by reference to our statutes pertaining to the conduct of juveniles. According to defendant the applicable statute is § 13–8–26, N.M.S.A. 1953 (Repl.Vol. 3). We assume these contentions are correct. See State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949).

Section 13–8–26, supra, pertains to the jurisdiction of the juvenile court.. It provides that the juvenile court has exclusive original jurisdiction over a juvenile under eighteen years when the juvenile is charged with conduct of the type specified in paragraph A of § 13–8–26, supra. We are concerned here with two of the items so specified—violation of the law of the state and conduct injurious to the juvenile's morals. Thus defendant's acts must have tended to cause or encourage the prosecuting witness to violate the law of the state or to conduct himself in a manner injurious to his morals.

Defendant was charged with indecently touching the private parts of the minor and of talking to the minor indecently. He was charged with doing this at about 7:30 p. m. " * * * by the Guadalupe Church on Aqua Fria St. * * *" in Santa Fe.

Defendant asserts that this accusation did not state a crime and that the trial court erred in denying his motion to quash. His contention has two parts.

■ The first contention is that the acts charged neither caused nor tended to cause the minor to violate any of the sexual offenses listed in our Criminal Code at Chapter 40A, Article 9, N.M.S.A.1953 (Repl. Vol. 6). This is not correct. The acts charged tended to cause or encourage his victim to violate § 40A–9–8, N.M.S.A.1953 (Repl.Vol.. 6). This section prohibits indecent exposure.

Defendant's acts also tended to cause or encourage the minor to conduct himself in a manner injurious to his morals. See State v. Dodson, 67 N.M. 146, 353 P.2d 364 (1960); compare State v. McKinley, supra; State v. Stone, 111 Or. 227, 226 P. 430 (1924); People v. Miller, 145 Cal.App.2d 473, 302 P.2d 603 (1956). His second contention is that the tendency or encouragement must be toward "habitual" conduct, and this is not charged. He bases this contention on the reference in § 13–8–26, supra, to a juvenile who " * * * habitually deports himself as to injure or endanger the morals, health or welfare of himself or others."

■ This second contention misreads the the statute and overlooks the applicable test. The habitual conduct referred to in § 13–8–26, supra, is conduct on the part of the juvenile that subjects him to the jurisdiction of the juvenile court. Defendant's acts are sufficient to support the charge of contributing to the delinquency of a minor if those acts tend to or encourage the juvenile to conduct himself in a manner injurious to his morals. The end result of defendant's acts—whether they result in habitual conduct on the part of the juvenile—is not a prerequisite to the charge of contributing to the delinquency of a minor.

The trial court properly denied the motion to quash.

*2. The proffered guilty plea.*

When arraigned, defendant pled not guilty to contributing to the delinquency of a minor, and guilty to the charge of assault. See § 40A–3–1, N.M.S.A.1953 (Repl.Vol. 6). The trial court refused to accept the guilty plea. The jury found defendant guilty of the contributing charge and not guilty of the assault charge.

Defendant contends the trial court abused its discretion and denied him his right to a speedy trial in refusing to accept the proffered plea of guilt on the assault charge.

Considered apart from the contributing charge,. the contention doesn't make sense.

Even though defendant offered to plead guilty to assault, the jury acquitted him of that charge.

Of necessity then, defendant's claim must be an assertion that if the plea of guilt to the assault charge had been accepted, the contributing charge would have been dropped. The record does not support this view.

A grand jury indicted defendant on the contributing charge. The criminal information, which added the assault charge, " * * was filed in accommodation to the Defendant in order to state a lesser crime to which the Defendant had offered to plead guilty." At arraignment, the trial court explained both of the charges to defendant and the punishments imposable for guilt under each of the charges. Defendant denied that anything had been done to get him to plead guilty, denied that he had been abused, mistreated or threatened in any way, denied that he had been promised anything if he pled guilty. Defendant denied that he had been told that he would get a lighter sentence or that the Judge or the District Attorney would "take it easier" on him if he pled guilty. Defendant understood that he didn't have to plead guilty to either charge and that he had a right to a jury trial.

 After this questioning by the court, defendant pled not guilty to the contributing charge and stated that he was guilty of the assault charge. The trial court then questioned defendant concerning his understanding of the guilty plea. After defendant stated that he did not remember the acts with which he was charged, the trial court refused to accept the guilty plea, stating: " * * * He is offering to plead guilty without confessing guilt." The court then questioned the prosecuting witness concerning defendant's acts. After hearing the witness detail defendant's acts, defendant unequivocally denied doing them. The trial court then entered a plea of not guilty for defendant on the assault charge and set the case for trial.

The foregoing record certainly does not indicate an agreement or understanding on the part of anyone that the contributing charge would be dismissed if defendant pled guilty to assault. Defendant does not claim otherwise. He asserts however that if the guilty plea had been accepted, " * * clemency could be extended by the District Attorney, * * * " Such a hope does not raise an issue as to "plea bargaining". Compare State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

Accordingly, we fail to see on what basis the trial court's action in refusing to accept the guilty plea is before us for review. Assuming that it is, there is no merit to defendant's claim. The trial court has discretionary power to refuse to accept a guilty plea. Tremblay v. Overholser, 199 F. Supp. 569 (D.D.C.1961). It should not accept such a plea where defendant relates facts inconsistent with his guilt. People v. Nealy, 48 Misc.2d 328, 264 N.Y.S.2d 710 (1965). That was the situation here.

 The asserted denial of a speedy trial is based on the claim that the trial court forced defendant to defend the assault claim. Compare Tremblay v. Overholser, supra. It is not a denial of a speedy trial to: (a) refuse to accept a guilty plea to a charge when defendant denies the facts on which the charge is based and (b) try defendant on that charge, as was done here, two days later. Compare State v. Martinez, 79 N.M. 232, 441 P.2d 761 (1968); Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967); Dalrymple v. State, 78 N.M. 368, 431 P.2d 746 (1967); State v. Rhodes, 77 N.M. 536, 425 P.2d 47 (1967); State v. McCroskey, 79 N.M. 502, 445 P.2d 105 (Ct.App.1968).

### 3. *Attempted plea in abatement.*

 Contributing to the delinquency of a minor is a felony. Section 40A–6–3, supra. Since defendant was proceeded against by criminal information, he had a right to a preliminary examination as to that felony. Section 41–3–8, N.M.S.A.1953 (Repl.Vol. 6). However, defendant specifically waived his right to a preliminary hearing immediately prior to being arraigned. He also waived this right when, with

advice of counsel, he pled not guilty to the charge. State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967); State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct.App.1968).

Immediately before his trial began, defendant moved to withdraw his not guilty plea and be allowed to " * * * enter a plea in abatement." Although no ground was stated, compare Territory v. Torres, 16 N.M. 615, 121 P. 27 (1911), it is apparent that defendant sought to abate the information on the ground no preliminary hearing had been held. The trial court denied the motion.

Defendant asserts the trial court should have allowed him to plea in abatement. He claims the trial court " * * * was fully aware of the reason and purpose of the filing of the information * * *." He relies on State v. Ortiz, supra.

In *Ortiz* the District Attorney agreed not to file an habitual offender charge against defendant if he pled guilty. Defendant pled guilty, nevertheless an habitual offender charge was filed. This was brought to the trial court's attention before imposition of sentence. *Ortiz* held that the guilty plea, in the circumstances, was involuntary and that the trial court erred in not allowing the guilty plea to be withdrawn.

*Ortiz* is not in point here because the circumstances are far different. As we have previously pointed out, the record does not show any agreement or understanding that the contributing charge was to be dismissed if defendant pled guilty to assault. All we have here is defendant's hope for "clemency" on the contributing charge if he pled guilty to assault. That hope was frustrated when the trial court refused to accept the proffered guilty plea. It was only after this hope was frustrated that defendant was concerned with a preliminary hearing.

 A plea in abatement, seeking a preliminary hearing, could not be successful unless the not guilty plea was withdrawn. Thus, the issue is whether the trial court erred in refusing to allow withdrawal of that plea. It is within the trial court's discretion to allow a defendant to change a

plea that has been accepted by the trial court. See State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394 (1943); State v. Brown, 33 N.M. 98, 263 P. 502 (1927); State v. Peel, 99 Ariz. 174, 407 P.2d 756 (1965); Lucero v. People, 434 P.2d 128 (Colo.1967). The same rule applies where defendant seeks to withdraw his plea. Specifically, after a plea of not guilty has been entered, a motion to withdraw that plea in order to seek abatement of the information, is addressed to the trial court's discretion. State v. Colson, 262 N.C. 506, 138 S.E.2d 121 (1964).

Under the circumstances of this case, we cannot say the trial court abused its discretion in denying the motion.

**4.** *Comment upon defendant's failure to testify.*

In closing argument to the jury, the District Attorney said: "The Defendant had a right to take the stand if he had wanted to." Defendant promptly objected and moved for a mistrial. The trial court denied the motion, but admonished the jury, at length, to disregard the statement.

Without objection, the jury had been instructed:

"The Court instructs the jury that the defendant may, if he sees fit, become a witness in his own behalf; but the law imposes no obligation upon him to testify in his own behalf, or as to any material fact in the case, and the fact that the defendant did not take the stand and testify as a witness in his own behalf or as to any material fact is not to be taken or considered by you in arriving at your verdict, and no presumption whatever is to be raised against him on account of not testifying in his own behalf."

The trial court correctly pointed out, in his admonition, that the District Attorney's comment was " * * * pretty close to a part of what the Court told you in the Court's instructions. * * *"

Some of the court's comments are:

" * * * The Defendant has every right in the world not to take the witness

stand. If you are ever a Defendant in a criminal case or I am, we will have that same right. That creates no presumption or inference whatsoever that he is guilty. * * * Don't attach any significance in the world to the fact that Mr. Leyba did not take the witness stand. That doesn't prove he is guilty. It doesn't help prove he is guilty. That doesn't prove anything in this case."

The jury indicated it would not attach any significance to the District Attorney's remark.

Defendant, relying on State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966), says that any comment concerning the defendant's failure to testify is forbidden. The state agrees that this is true generally, but contends that the situation here is similar to State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

While the instruction is not included in the *Gutierrez* opinion, the jury was instructed that defendant was not required to testify. Defense counsel commented on the right of defendant not to testify. The prosecution's comments were in response to defense counsel's comments. We held the prosecution's comments were not error requiring a reversal.

We reach the same result here. Defendant did not object to the quoted instruction. The District Attorney's remark closely followed the initial clause of the instruction. The trial court firmly admonished the jury to attach no significance to the District Attorney's remark and the jury stated that it would not do so. Under these circumstances we hold that if the District Attorney's comment was error, it did not amount to a violation of defendant's constitutional rights and does not require a reversal. Compare State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966); State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966).

5. *The asserted inconsistent verdicts.*

Defendant contends that it was impossible for him to have indecently touched the private parts of the minor without committing assault as defined in § 40A–3–1, supra. He asserts that the verdict of guilty on the contributing charge is inconsistent with the acquittal on the assault charge. Asserting the jury failed to find he committed the assault, defendant claims that as a matter of law he could not be guilty of contributing to the delinquency of the minor.

The facts, as developed at the trial, are not included in the record. The only facts before us are those charged in the information and the Bill of Particulars. Nevertheless, we assume the facts in evidence that establish the contributing offense also show an assault. On this assumption, the verdicts are inconsistent.

Contrary to defendant's contention, however, we can only speculate that the jury found defendant did not commit an assault under § 40A–3–1, supra. The jury acquitted him on that charge. They may have done so for any number of reasons. They may have decided that one punishment would meet the ends of justice. Defendant's guilt of assault may have been plain and the jury may have refused to convict in defiance of reason. For its acquittal on the assault charge, the jury is answerable only to conscience. The verdict of acquittal is beyond our control. Our business is to review the verdict of conviction. State v. Armijo, 35 N.M. 533, 2 P.2d 1075 (1931).

Since we may only speculate as to why the jury acquitted defendant of assault, that acquittal, even though irreconcilable with conviction for contributing to the delinquency of a minor, does not require the conviction to be set aside as a matter of law. State v. Armijo, supra; Apodaca v. United States, 188 F.2d 932 (10th Cir. 1951).

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.