523 P.2d 17

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John PADILLA, Defendant-Appellant.**

**No. 1249.**

Court of Appeals of New Mexico.

March 27, 1974.

Rehearing Denied April 8, 1974.

Certiorari Denied May 10, 1974.

Charles N. Glass, Threet, Threet, Glass, King & Maxwell, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Louis Druxman, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of two counts of kidnapping and two counts of rape, defendant appeals. The issues concern: (1) amendment of the counts charging kidnapping; (2) questioning of witness by trial judge; (3) improper communication between witnesses; and (4) inconsistent verdicts amounting to fundamental error.

*Amendment of kidnapping counts.*

The applicable kidnapping statute is § 40A–4–1, N.M.S.A.1953 (2d Repl.Vol. 6) prior to its amendment by Laws 1973, ch. 109, § 1. As interpreted by State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969) one method of violating § 40A–4–1, supra, was by:

"* * * the unlawful taking, restraining or confining of a person, by force or deception, with intent that the victim *be held to service against the victim's will.*" [Our emphasis].

The counts in the original indictment charged the victims were *confined against their will.* A motion asked the indictment be amended to charge *held to service* against the victims' will rather than *confined* against the victims' will.

On the morning of trial, the trial court granted the motion to amend the indictment. Defendant asserts this was error. He claims that prior to amendment the indictment charged false imprisonment, see § 40A–4–3, N.M.S.A.1953 (2d Repl.Vol. 6), and that the amendment changed the offense charged. He asserts such a change is not authorized by § 41–23–7(a), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). The contention that false imprisonment was charged, rather than kidnapping, is based on State v. Clark, supra.

*Clark,* supra, provides a distinction between the offenses of false imprisonment and kidnapping; it does not discuss how those offenses may be charged.

Section 41–23–5(d), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973) defines an indictment as a written statement "containing the essential facts constituting the offense, common name of the offense, and, if applicable, a specific section number * * * which defines the offense." Compare State v. Vigil, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973).

■ The original indictment charged a common name—kidnapping; it referred to a specific section which defined kidnapping. The deficiency in charging kidnapping in the original indictment is limited to the use of "confined" rather than "held to service" against the will. This deficiency cannot, as defendant contends, be considered as a charge of false imprisonment because the original indictment does not attempt to frame a false imprisonment charge within the requirements of § 41–23–5(d), supra.

Section 41–23–7(a), supra, authorizes amendment of an indictment to cure a drafting defect. This was what was done in this case. The change made corrected a deficiency in stating the facts of the offense but no change was made in the common name of the offense or the statutory section (rape) named in the original indictment.

■ Under § 41–23–7(a), supra, amendments are permissible only "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Here, no additional or different offense was charged. Nor was there any prejudice. The motion to amend was filed 41 days prior to trial. In allowing the amendment, the trial court pointed out that because of other counts in the indictment, defendant knew that he would be required to defend against holding the victims to service against their will.

The amendment was properly allowed.

*Questioning of witness by trial judge.*

The trial judge asked a witness (the asserted victim of one of the rapes) whether she was or had been married to defendant. She answered "No." Defendant moved for a mistrial, contending the judge's question was improper because it helped to establish an essential element—the lack of consent.

■ Mistrial was properly denied. The witness had previously testified that she had never seen the defendant prior to the time the offenses were committed. The trial judge did not unduly participate in questioning the witness; the question did not display bias for or against defendant. State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966). Although not applicable in this case, see Rule of Evidence 614, compiled as § 20-4-614, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973).

*Improper communication between witnesses.*

The trial court's certificate is that the witnesses were admonished not to discuss the case with one another. A witness violated the admonition; she discussed the street number of a house with another witness during a noon recess of the trial. The witness testified this was all that was discussed. The trial court denied a motion for mistrial.

■ A motion for mistrial is addressed to the trial court's discretion and is reviewable on the basis of an abuse of discretion. State v. Thurman, 84 N.M. 5, 498 P.2d 697 (Ct.App.1972). Here, there was nothing indicating anything was discussed other than the street number of a house, and nothing indicating that this street number was other than an insignificant aspect of the case. There is nothing indicating the trial court abused its discretion. See State v. Kijowski, 85 N.M. 549, 514 P.2d 306 (Ct.App.1973).

*Inconsistent verdicts amounting to fundamental error.*

■ Defendant was convicted of rape and acquitted of sodomy. He claims these verdicts are inconsistent and amount to fundamental error. Even if the verdicts are irreconcilable, this does not require the conviction to be set aside as a matter of law. State v. Leyba, 80 N.M. 190, 453 P. 2d 211 (Ct.App.1969).

■ Defendant asserts that the *Leyba* decision was modified in State v. Tijerina, 519 P.2d 127, 1973. We disagree. *Tijerina,* supra, dealt with collateral estoppel in a criminal case; that is whether a jury verdict in a first trial necessarily or actually determined the same issues sought to be raised by the State in a second trial. The issue of collateral estoppel does not involve allegedly inconsistent verdicts returned in one trial.

■ Defendant asserts the conviction of rape and the acquittal of sodomy is an irrational result amounting to fundamental error. Assuming the verdicts are inconsistent, we can only speculate as to why the jury reached that result. State v. Leyba, supra. We cannot, on the basis of speculation only, hold the verdicts are irrational. That the verdicts may not be in harmony does not mean they are irrational, that is, without reason. Accordingly, the fundamental error claim provides no basis for reversal.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY, J., concurs.

SUTIN, Judge (specially concurring).

I concur in the result, but I disagree with the legal analysis of the majority opinion.

(A) *Amendment of Kidnapping Counts.*

On the morning of trial, the State orally moved to amend the grand jury indictments to change the offense from "false

imprisonment" to "kidnapping." Despite this fact, the majority opinion states: "Here, no additional or different offense was charged."

The grand jury indictments read "* * * be confined against her will, contrary to Section 40A–4–1, NMSA1953." The proposed amended indictments read "* * * be held to service against her will, contrary to Section 40A–4–1, N.M.S.A.1953." The amended language conformed to the statute on kidnapping. Both the original indictment and the amended indictment charged defendant with a violation of § 40A–4–1, supra, which statute charges kidnapping. Over objection, the trial court allowed the amendment.

The indictment, before amendment, was filed November 30, 1972. State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969) held that the words "confined against his will" did not meet the requirements of the kidnapping statute. The original indictment was, therefore, defective in this respect. In 1973, the legislature amended the kidnapping statute. 1973, ch. 109, § 1 [§ 40A–4–1, N.M.S.A.1953 (2nd Repl.Vol. 6, 1973 Supp.)]. The legislature adjourned March 17, 1973. The laws did not go into effect until June 14, 1973. Art. IV, § 23, Constitution of New Mexico.

The trial of this case began March 20, 1973 and we are bound by the kidnapping statute before legislative amendment.

The issue is: Did the State have the right to amend the indictment the morning of trial to conform with the kidnapping statute? The answer is "Yes."

Rule 7(a) of the Rules of Criminal Procedure [§ 41–23–7(a), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)] allows the trial court to amend the indictment for any defect at any time prior to verdict if "* * * *no* additional or *different offense* is charged *and* if substantial rights of the defendant are not prejudiced." [Emphasis added].

Rule 7(d), supra, provides that "No appeal * * * based on' any such defect * * * shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense on the merits."

Defendant contends the conjunctive word "and" in Rule 7(a), supra, disappears at the appellate level under Rule 7(d), supra; that this is an inconsistency. I cannot agree. Rule 7(a), supra, pertains to the power of the trial court to amend an indictment. Rule 7(d), supra, pertains to reversal on appeal when the indictment has not been amended and the indictment contains the defect upon which defendant was tried.

The trial court allowed an amendment of the indictment to charge a different offense. Under Rule 7(a), the question is whether substantial rights of the defendant were prejudiced by the amendment. The answer is "No."

The original indictment charged defendant with violation of § 40A–4–1, N.M.S.A. 1953, the kidnapping statute. Defendant was formally notified long before trial that he was charged with kidnapping, not false imprisonment. He did not request a continuance or preliminary hearing. At all times, he was represented by able attorneys and was well prepared for trial on the charge of kidnapping.

The trial court did not err in allowing the amendment.

(B) *Defendant was not entitled to a mistrial.*

First, defendant contends he was entitled to a mistrial because of the trial court's interrogation of a witness necessary to establish the essential elements of the crime. The defendant did not object to the questions by the court and answers of the witness at the time of interrogation. A recess was called until 1:30 P.M. and defendant requested the trial court to admonish the jury. The jury was admonished. At 1:30

P.M. the defendant moved for a mistrial because the trial court asked whether the witness was or had been married to the defendant and she answered "No." Prior thereto, this witness had testified on direct and cross-examination that she had never seen the defendant before. The question asked by the trial judge did not exceed the bounds of propriety and prejudice the rights of defendant. State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966).

Second, defendant contends he was entitled to a mistrial based upon communications between the witnesses during the trial and after the sequestration rule had been invoked.

Prior to the State's opening statement, defendant requested that the rule be invoked.

One of the prosecuting witnesses testified, on cross-examination by defendant, that at lunch during trial, the other prosecuting witness told her that 123 High Street was the wrong address of two boys, unrelated to the case. This was an address to which the witnesses were trying to hitchhike.

Defendant's motion for a mistrial stated that the court admonished the *District Attorney* to tell these witnesses not to discuss the case between themselves. The witness was never asked whether she was so admonished, and, if so, by whom.

There is no merit to defendant's contention. State v. Warner, 83 N.M. 642, 495 P.2d 1089 (Ct.App.1972).

(C) *The verdict was rational and did not indicate fundamental error.*

The defendant was convicted of rape of, and acquitted of sodomy on, the same prosecuting witness. It is obvious that the jury's verdicts were not inconsistent because the crimes are different. "The verdict of acquittal is beyond our control. Our business is to review the verdict of conviction." State v. Leyba, 80 N.M. 190, 195, 453 P.2d 211, 216 (Ct.App.1969). The verdict was rational and did not indicate fundamental error.