638 P.2d 433

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James Leroy HOLTRY, Defendant-Appellant.**

No. 5281.

Court of Appeals of New Mexico.

Dec. 10, 1981.

John B. Bigelow, Chief Public Defender, Lynne Corr, Asst. Appellant Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

NEAL, Judge.

The sole question for determination in this case is whether or not the trial court abused its discretion in refusing to accept a plea and disposition agreement drawn by the parties and tendered to the court. We hold that it did not and affirm the defendant's conviction and the sentence imposed.

The pertinent facts of this case are as follows:

The defendant was indicted for voluntary manslaughter. The first trial resulted in a mistrial. Prior to the time scheduled for retrial, the defendant, his attorney and the District Attorney arrived at a plea and disposition agreement whereby defendant would plead guilty to the lesser offense of involuntary manslaughter and, in exchange an 18-month probation period would be imposed and the voluntary manslaughter charge dismissed. On May 12, 1981, the same day the agreement was reduced to writing, the State filed a nolle prosequi on the voluntary manslaughter charge and filed an information charging involuntary manslaughter. The defendant waived a preliminary hearing. At the hearing on the plea agreement, the trial court inquired into its voluntariness and the factual basis for the plea. The trial judge accepted the plea and disposition agreement subject, however, to reconsideration upon the judge's review of a presentence report which was to be prepared.

At the sentencing hearing on May 25, 1981, the trial judge rejected the plea and disposition agreement on the basis of the information contained in the presentence report, and defendant was permitted to withdraw his previous plea of guilty.

Prior to the defendant's second trial the State withdrew its nolle prosequi and reinstated the original indictment charging voluntary manslaughter. Defendant's counsel requested the court to reconsider its rejection of the plea agreement, but the trial judge declined to change his ruling. Thereafter defendant was convicted of voluntary

manslaughter. Defendant contends that the trial court abused its discretion in refusing to accept the plea and disposition agreement.

Two issues are listed in the docketing statement. The second issue concerns the validity of the second grand jury indictment. This issue was not briefed and is therefore abandoned. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978).

This is a case of first impression involving acceptance or rejection by the trial judge of a plea and disposition agreement. Rule 21 of the Rules of Criminal Procedure, N.M.S. A.1978, provides in relevant part as follows:

(g) Plea agreement procedure.

(1) In general. The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions.

(2) Notice of such agreement. If a plea agreement has been reached by the parties which contemplates entry of a plea of guilty or nolo contendere in the expectation that a specific sentence will be imposed or that other charges before the court will be dismissed it shall be reduced to writing on a form approved by the supreme court, and the court shall require the disclosure of the agreement in open court at the time the plea is offered. *Thereupon the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.*

(3) Acceptance of plea. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

(4) Rejection of plea. *If the court rejects the plea agreement, the court shall inform the parties of this fact, advise the defendant personally in open court that the court is not bound by the plea agreement,* afford the defendant the opportunity to then withdraw his plea and advise the defendant if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(5) Time of plea agreement procedure. Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

(6) Inadmissibility of plea discussions. Evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

(h) Determining accuracy of plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea. (Emphasis added.)

Subdivision 21(g) was taken verbatim from Rule 11(e) of the Federal Rules of Criminal Procedure. When the federal rule was revised to add the plea agreement procedure, the Advisory Committee noted that the plea agreement procedure did not attempt to define criteria for acceptance or rejection of a plea agreement. That decision is left to the discretion of the individual trial judge. *See* 62 F.R.D. 271, 276, 280–286 (1974).

 The trial judge has discretion to accept or reject a guilty plea. *State v. Hicks*, 89 N.M. 568, 555 P.2d 689 (1976); *State v. Jiminez*, 89 N.M. 652, 556 P.2d 60 (Ct.App.1976). The trial judge's ruling ac-

cepting or rejecting a guilty plea will not be disturbed on appeal unless the trial judge abused his discretion. *State v. Leyba*, 80 N.M. 190, 453 P.2d 211 (Ct.App.1969). The trial court is given broad discretion to accept or reject a guilty plea, and Rule 21(g)(4) allows the trial judge to reject a guilty plea even where a showing of voluntariness and factual basis has been made. *Jiminez*, supra. We hold that the "abuse of discretion" test shall also apply when a trial judge accepts or rejects a plea and disposition agreement, and that the trial judge's ruling will not be disturbed on appeal unless there has been an abuse of discretion.

■ When the court conditionally accepted the plea and disposition agreement it did so subject to reconsideration upon review of the presentence report to be prepared. When that report was received, the judge rejected the plea agreement. It cannot be said, as a matter of law, that the trial court abused its discretion in rejecting the agreement. The presentence report indicated other incidents in which defendant had been involved and which obviously influenced the trial court's ultimate decision.

At the May 12, 1981 hearing, the court was aware that defendant was twenty-eight years old and had no prior record. However, the same judge had presided over defendant's first trial on the voluntary manslaughter charge, which ended in a mistrial. It is logical to conclude that the court recalled the general facts about the homicide. After reviewing the presentence report Judge Love rejected the plea bargain agreement, and although not required to do so, he stated three reasons for rejecting it: (1) a prior assault matter in which defendant had been involved; (2) defendant's disregard of a court order regarding child support, and (3) the effect the victim's death had had upon the victim's family.

The defendant's "attitude" was an additional contributing factor to the court's de-

cision. The presentencing report noted that defendant exhibited an air of superiority and showed no remorse for the homicide because he maintained he had acted in self-defense.

Judge Love believed that an incident which resulted in death deserved punishment greater than 18 months' probation because "there are too many people doing 18 months' probated sentences for little or nothing and in this case a human life was taken."

As the court stated in *State v. Madrigal*, 85 N.M. 496, 501, 513 P.2d 1278 (Ct.App. 1973):

Judicial discretion is a discretion " * * * guided by law, caution, and prudence; it is an equitable determination of what is just and proper under the circumstances." (Citations omitted.) It is " * * * not a mere whim or caprice, but an honest attempt, in the exercise of power and duty, to see that justice is done. * * * " (Citations omitted.) Judicial discretion is abused if the action taken is arbitrary or capricious.

*United States v. Bean*, 564 F.2d 700 (5th Cir. 1977), is directly on point. "A decision that a plea bargain will result in the defendant's receiving too light a sentence under the circumstances of the case is a sound reason for a judge's refusing to accept the agreement." 564 F.2d at 704.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and WOOD, J., concur.