This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                          **NO. 29,458**

**GARY STEVE KUCERA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary Jeffreys, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Defendant appeals his convictions of possession of a controlled substance,

conspiracy to traffic methamphetamine, and possession of drug paraphernalia. We proposed to affirm the convictions. Defendant has responded. We have considered his arguments and, not being persuaded, we affirm.

In our notice, we proposed to conclude that the district court did not err in denying Defendant's motion to suppress as untimely. As we pointed out in the notice, even though the district court denied the pre-trial motion, it did not prevent Defendant from raising the matter during trial. Defendant failed to take the opportunity to raise the matter during trial. Defendant acknowledges that failure in his memorandum, but he maintains that the district court should have conducted a hearing on his motion prior to trial. We cannot find error in the pre-trial denial of a motion to suppress when Defendant was given the opportunity to present the same motion during trial, but failed to do so. *Cf. State v. Mora*, 1997-NMSC-060, ¶¶ 44, 46, 124 N.M. 346, 950 P.2d 789 (noting that when the court gave the defendant an opportunity to cure an error, and the defendant did not take it, he waived any claim of error), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, ___ N.M. ___, ___ P.3d ___.

Defendant continues to argue that the district court erred in denying his motion for a continuance. We review the denial of a continuance for an abuse of discretion. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. It is

Defendant's burden to establish an abuse of discretion and to also demonstrate that he was prejudiced by the denial of the continuance. *Id.* Under the circumstances in this case, we cannot say that the district court's ruling was clearly unjustified.

Defendant and the State had months before trial was set in which to negotiate a plea. Instead, shortly before trial was to commence, Defendant filed a motion to suppress evidence and asserted that, until that motion was resolved, plea negotiations could not go forward. [RP 60, 62] We note that trial had already been continued once in this case and that the six-month rule date had also been extended. [RP 54, 58] When trial had been set and an untimely motion to suppress had been filed, the district court could reasonably decide that a continuance was inappropriate, particularly since the district court denied the suppression motion. The district court did not abuse its discretion in denying the motion for a continuance.

Finally, Defendant continues to argue that the district court erred in rejecting the plea agreement reached just before commencement of trial. We review the district court's rejection of a plea for an abuse of discretion. *See State v. Holtry*, 97 N.M. 221, 223-24, 638 P.2d 433, 435-36 (Ct. App. 1981). Neither the docketing statement nor the memorandum in opposition gives us any reason why the district court rejected the plea. Under such circumstances, we presume that the district court had a good reason for doing so. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829

3

(filed 1998) (stating that when the record is deficient with regard to the underlying facts, we indulge every presumption in favor of the correctness and regularity of the district court's judgment).

Defendant argues that it was an abuse of discretion to encourage him to accept the State's plea offer and then reject the agreement when he did so. Without knowing the facts and circumstances, we cannot find an abuse solely upon Defendant's assertion. It may be that the district court did not know the terms of the agreement at the time that it urged Defendant to plea, and once it found out about them, it could not accept them. The district court did not act outside the bounds of reason and, thus, did not abuse its discretion.

For the reasons stated herein and in the notice of proposed disposition, we affirm the conviction.

**IT IS SO ORDERED**.


                       _____
                       **JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

4

_____

**CELIA FOY CASTILLO, Judge**