This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **NO. 33,640**

**KURT KUENSTLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Works L.L.C.
John McCall
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} Kurt Kuenstler (Defendant) appeals from the judgment and sentence. This Court's calendar notice proposed to affirm. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the judgment and sentence.

{2} Defendant continues to argue that it was error to exclude a witness's testimony that Jesse V. (Stepson) threatened to put Defendant in a "pine box." [DS 3, MIO 4] This Court proposed to conclude that there was no abuse of discretion in excluding the additional evidence and that it was cumulative of evidence that Stepson threatened Defendant with a knife, which was admitted. [DS 2] Defendant now argues that the witness's testimony was relevant as an "effect on the hearer" hearsay exception and was corroborative, not cumulative, evidence. [MIO 5] Defendant asserts that the effect of the statement on him was that he was alarmed by Stepson's expression of such antipathy toward him as a young adult and that the fear was much more imminent than the fear resulting from the prior knife incident. [MIO 5] However, this basis was not asserted in the docketing statement.

{3} We therefore construe Defendant's argument as a motion to amend the docketing statement, and we deny the motion. "We deemed two requirements to be essential to a showing of good cause for our allowance of a docketing statement amendment: (1) the motion to amend must be timely, and (2) the motion must show

the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal." *State v. Moore*, 1989-NMCA-073, ¶ 109 N.M. 119, 782 P.2d 91, *overruled on other grounds State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. It appears the district court ruled on the basis that the testimony was cumulative. [MIO 5] Defendant does not indicate that he preserved the argument that the statement met a specific hearsay exception. Therefore, we deny the motion to amend.

**{4}** Insofar as Defendant contends that the evidence was corroborative and not cumulative, we are not persuaded. As we noted in our calendar notice, there was evidence of another incident in which Stepson threatened Defendant with a knife. [DS 2] The district court could have reasonably considered this evidence as simply establishing a basis for Defendant to fear for his safety around Stepson. Defendant was not prejudiced by this exclusion of evidence. *See State v. Fernandez*, 1994-NMCA-056, ¶ 16, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

**{5}** Next, Defendant continues to argue that there was insufficient evidence to support his conviction for negligent child abuse with a firearm, because Child was not in a zone of danger or in the direct line of physical danger. [MIO 11] In our calendar notice, this Court noted that the evidence included Lori McLain-Kuenstler's (Child's

Mother) testimony that Defendant pointed a gun in her face as Child exited through the gate, [DS 4] and Stepson's testimony that Defendant pointed the gun at him as he was sitting in the car and Child was entering or in the car when the gun was pointed at them. We proposed to conclude that the evidence was sufficient to prove that Defendant negligently caused Child to be placed in a situation endangering his life or health, and that Defendant acted with reckless disregard and should have known his conduct created a substantial and foreseeable risk, but disregarded and was indifferent to that risk. [CN 4-5, RP 133] Defendant does not point out error in the facts relied upon, but continues to assert his version of the evidence. [MIO 13] Defendant argues that there was no other evidence in the record other than the refuted testimony of Child's Mother and Stepson. [MIO 13] However, the testimony of Child's Mother and Stepson was sufficient to support Defendant's conviction, and the jury was free to reject Defendant's version of what occurred. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that conflicts in the evidence, including conflicts in the testimony of witnesses, are to be resolved by the factfinder; stating that the factfinder is free to reject the defendant's version of events). To the extent Defendant maintains the testimony of Child's Mother and Stepson was refuted, it constitutes disputed evidence, which the jury is free to weigh. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the

factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

{6} Defendant further argues that his negligent child abuse conviction should be vacated because the verdicts were inconsistent, as Child would only have been endangered if Defendant had committed aggravated assault on Child's Mother or Stepson, and the jury acquitted him of those charges. [MIO 4] Defendant asserts that the only theory on which the State relied, and the only one supported by the evidence, was that Defendant pointed the gun at Child's Mother and Stepson and in the direction of Child. [MIO 13, 24] However, because the jury acquitted Defendant of the aggravated assault charges, he asserts the jury rejected that theory. Defendant contends that it is not logical to posit that the jury could have believed that Defendant pointed the gun at Child's Mother and Stepson but that neither was afraid, particularly given their testimony that they were. [MIO 12, 21] He therefore contends that the jury could not have convicted him of negligent child abuse on the basis of that testimony, but not convicted him of the two aggravated assault charges against Child's Mother and Stepson on the basis of the same testimony. Defendant argues that he would have to be guilty of aggravated assault with a firearm to be guilty of negligent child abuse with a firearm. We disagree.

{7} Although the jury acquitted Defendant of the two aggravated assault charges against Child's Mother and Stepson, "[the jury] may have done so for any number of reasons. [It] may have decided that one punishment would meet the ends of justice. Defendant's guilt of [aggravated] assault may have been plain and the jury may have refused to convict in defiance of reason. For its acquittal on the [aggravated] assault charge[s], the jury is answerable only to conscience. The verdict of acquittal is beyond our control. Our business is to review the verdict of conviction." *State v. Leyba*, 1969-NMCA-030, ¶ 36, 80 N.M. 190, 453 P.2d 211. We would only be speculating as to why the jury reached the result that it did. *See State v. Padilla*, 1974-NMCA-029, ¶ 17, 86 N.M. 282, 523 P.2d 17 ("Assuming the verdicts are inconsistent, we can only speculate as to why the jury reached that result. We cannot, on the basis of speculation only, hold the verdicts are irrational. That the verdicts may not be in harmony does not mean they are irrational, that is, without reason.") (internal citation omitted).

{8} This Court further proposed to conclude that Defendant was not prejudiced by the failure to submit the case with a non-deadly force self-defense instruction because such an instruction was inapplicable to the charge for negligent child abuse with a firearm, the only charge for which Defendant was convicted. *See State v. Gillette*, 1985-NMCA-037, ¶ 54, 102 N.M. 695, 699 P.2d 626 ("Defendant does not argue prejudice. Without such a showing, there is no reversible error."). Defendant did not

6

oppose the proposed disposition, so we affirm. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{9} Lastly, to the extent Defendant continues to argue that the doctrine of cumulative error applies, because we hold that there was no error, we further conclude that there was no cumulative error. *See State v. Bent*, 2013-NMCA-108, ¶ 37, 328 P.3d 677 (stating that when there is no error, there is no cumulative error).

{10} For all of these reasons, and those stated in the notice of proposed disposition, affirm the judgment and sentence.

{11} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**