467 P.2d 37

**June MARTINEZ, Plaintiff-Appellee,**

**v.**

**SEARS, ROEBUCK AND CO. and Tony Trujillo, Defendants-Appellants.**

**No. 379.**

Court of Appeals of New Mexico.

Feb. 27, 1970.

Rehearing Denied March 24, 1970.

Certiorari Denied April 14, 1970.

Joseph A. Roberts, Chavez & Roberts, Snyder H. Downs, Santa Fe, for appellee.

John A. Mitchell, Mitchell & Mitchell, Santa Fe, for appellants.

## OPINION

HENDLEY, Judge.

Judgment was entered against defendants, jointly and severally, for the torts of false imprisonment and defamation by slander. Defendants appeal giving three points for reversal. These points attack the trial court's findings of fact and conclusions of law.

We reverse for the reasons hereinafter given.

Defendants' first two points are basically concerned with whether or not there was substantial evidence to support the trial court's findings which would in turn substantiate the conclusions of false imprisonment and defamation by slander. Defendants contend there is no substantial support in the evidence for the trial court's findings that (1) plaintiff "was seized, detained and searched without a warrant and without her consent," and (2) defendant falsely accused plaintiff "of the crime of shoplifting a ladies handbag," and communicated the false accusations to third persons.

If there is substantial evidence in the record to support a finding we are bound thereby. In deciding whether a finding has substantial support, we must view the evidence in the most favorable light to support the finding and we will reverse only if convinced that the evidence thus viewed, together with all reasonable inferences to be drawn therefrom, cannot sustain the finding. Further, only favorable evidence and the inferences to be drawn therefrom will be considered, and any evidence unfavorable to the findings will not be considered. Stewart v. Barnes, 80 N.M. 102, 451 P.2d 1006 (Ct.App.1969); Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App.1968).

## FALSE IMPRISONMENT

To support the determination of false imprisonment there must be evidence or a reasonable inference of unlawful interference with the personal liberty or freedom of locomotion of another. State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969); Muller v. Reagh, 215 Cal.App.2d 831, 30 Cal.Rptr. 633 (1963); Johnson v. Jackson, 43 Ill.App.2d 251, 193 N.E.2d 485 (1963). The restraint constituting false imprisonment may arise out of words, acts, gestures or similar means which induce reasonable apprehension that force will be used if the plaintiff does not submit and it is sufficient if they operate upon the will of the person threatened and result in a reasonable fear of personal difficulty or personal injuries. Seligman & Latz of Atlanta, Inc. v. Grant, 116 Ga.App. 539, 158 S.E.2d 483 (1967); Roberts v. Coleman, 228 Or. 286, 365 P.2d 79 (1961); Zayre of Virginia, Inc. v. Gowdy, 207 Va. 47, 147 S.E.2d 710 (1966). There need be no confinement in jail or holding in custody. Sanchez v. Securities Acceptance Corp., 57 N.M. 512, 260 P.2d 703 (1953); Zayre of Virginia, Inc. v. Gowdy, supra; Prosser, Law of Torts, § 12 (3rd ed. 1964). Finally, the restraint need be present only for a brief time. Swetnam v. F. W. Woolworth Company, 83 Ariz. 189, 318 P.2d 364 (1957); Tocker v. Great Atlantic & Pacific Tea Company, 190 A.2d 822 (D.C.Ct.App.1963); Webbier v. Thoroughbred Racing Protective Bur., Inc., R.I., 254 A.2d 285 (1969).

Applying the foregoing rules we are of the opinion that the evidence upon which the findings were based, was insufficient to justify the conclusion of false imprisonment. Plaintiff testified that defendant, Tony Trujillo, never blocked her exit from the store and that plaintiff opened her handbag so Trujillo could look inside. There were no words or conduct which could have induced a reasonable apprehension by the plaintiff that she could not leave the store without interference if and when she desired to do so. There is evidence that Trujillo called out: " 'Hey, Miss * * * is that one of our handbags. * * *' " That he grabbed for it, started to pull it off plaintiff's shoulder and said "let me see it." In response, plaintiff said she " * * * opened it up, [and] he looked inside of it." Compare the facts of this case with those in Black v. Clark's Greensboro, Inc., 263 N.C. 226, 139 S.E.2d 199 (1964), where the car in which plaintiff was a passenger was detained by a man with a badge. There it is stated:

> " * * * She freely passed the pocketbook to the man with the badge and at his request freely opened it, permitted the examination, and removed for his inspection the bracelet and explained where and when she bought it. She knew the agent would not find any incriminating evidence against her. She had nothing to fear, and hence she was not disturbed by the search. She was disturbed, however, by the implication that the defendant's agent suspected her of shoplifting. * * * The evidence does not disclose that she objected to the examination, but complied willingly. * * *"

Further, when a customer is free, at every moment during an encounter with an employee of a store, to walk away without any present and immediate adverse consequences, as a matter of law, there may not be a finding of seizing, detaining and searching resulting from such an encounter. Tocker v. Great Atlantic & Pacific Tea Compnay, supra; see also

Abner v. W. T. Grant Company, 110 Ga. App. 592, 139 S.E.2d 408 (1964); Roberts v. Coleman, supra. Plaintiff not having been under a reasonable apprehension that her freedom of movement would be interfered with, and having been free to leave at any time, the conclusion of false imprisonment is not supported.

## DEFAMATION BY SLANDER

The trial court found that plaintiff was accused of the crime of shoplifting, that the defamatory statements were communicated to third persons and the statements were false. To support these findings there must be evidence that the employee published false accusatory statements about plaintiff to some third person. Fiore v. Rogero, 144 So.2d 99 (Fla.Ct.App. 1962); Bonkowski v. Arlan's Department Store, 12 Mich.App. 88, 162 N.W.2d 347 (1968); Tocker v. Great Atlantic & Pacific Tea Company, supra.

Plaintiff's testimony that she was accused of taking a handbag was stricken by the trial court. The only words containing an accusation of shoplifting came from plaintiff's fiance after the encounter on which the charge is based. Compare Bonkowski v. Arlan's Department Store, supra; see also Simmons v. J. C. Penney Company, 186 So.2d 358 (La.Ct.App.1966).

To recover on a complaint of defamation one must plead and prove, by a preponderance of the evidence, communication to a third person. Tocker v. Great Atlantic & Pacific Tea Company, supra; Fiore v. Rogero, supra; 1 Harper & James, The Law of Torts, § 5.15 (1956). This burden was not met by plaintiff's testimony that there were others in the same aisle "within hearing distance," or that "there was people around, yes." We do not have the situation where publication is presumed. See, e. g., Hornby v. Hunter, 385 S.W.2d 473 (Tex.Civ.App.1964); Prosser, Law of Torts, § 108 (3rd ed. 1964).

It is not sufficient that plaintiff testified that "people were looking and watching," for the burden of proof is not met unless

the allegedly slanderous words were shown to have been in fact overheard. Tocker v. Great Atlantic & Pacific Tea Company, supra; Prosser, Law of Torts, § 108 (3rd ed. 1964). There was no testimony by any of those who "were looking and watching." Plaintiff did not sustain her burden of proving publication.

Plaintiff's fiance was with her during the encounter with Trujillo. Even if we assume that what plaintiff's fiance heard and saw amounted to defamation, we could not find publication.

He knew that plaintiff did not steal the handbag. When the communicated accusation is to one who is familiar with the facts and circumstances and knows that the plaintiff is not guilty of what she is accused of then a communication to him is not publication. Bonkowski v. Arlan's Department Store, supra.

Having found neither defamation nor false imprisonment, we reverse.

It is so ordered.

OMAN and WOOD, JJ., concur.