STATE OF NEW JERSEY, IN THE INTEREST OF
A. R., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 13, 1976—Decided October 12, 1976.

Before Judges FRITZ, CRAHAY and ARD.

*Mr. Stanford M. Singer,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mrs. Sara A. Friedman,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. Separate complaints were lodged against A.R., a juvenile aged 17 years, charging him with the possession of a dangerous weapon on July 1, 1974 and robbery on August 16, 1974. Following a hearing the Juvenile and Domestic Relations Court entered an order waiving its jurisdiction and referred both complaints to the grand jury. *N. J. S. A.* 2A:4–48 and *R.* 5:9–5. A.R. appealed that order. Thereafter he was separately indicted for (1) robbery and larceny (*N. J. S. A.* 2A:141–1 and 119–1) and (2) carrying a weapon (*N. J. S. A.* 2A:151–41). The robbery and larceny indictment was dismissed for reasons not here relevant.

On this appeal the juvenile addresses several arguments to the propriety of the waiver and transfer order. They all need not be discussed since we are satisfied that the charge of possession of a dangerous weapon does not constitute an offense under *N. J. S. A.* 2A:4–48[1] in which the Juvenile Court may waive its jurisdiction, without the juvenile's consent. We reverse the transfer order as to the weapon's offense.

■■ While not necessary to our disposition, we pause to agree with appellant that the words "age of majority" as found in the statute mean 21 years of age (rather than 18 years as argued by the State) for the reasons expressed in *State in the Interest of G.T.*, 143 *N. J. Super.* 73 (App. Div. 1976). Additionally, we note that the record does not reflect, as contended by appellant, that he was denied due process of law by the "practice of the state to request a waiver

---

[1] *N. J. S. A.* 2A:4–48. Referral to other court without juvenile's consent.

The juvenile and domestic relations court may, without the consent of the juvenile, waive jurisdiction over a case and refer that case to the appropriate court and prosecuting authority having jurisdiction if it finds, after hearing, that:

a. The juvenile was 16 years of age or older at the time of the charged delinquent act;

b. There is probable cause to believe that the juvenile committed a delinquent act which would constitute homicide, treason if committed by an adult or committed an offense against the person in an aggressive, violent and willful manner or committed a delinquent act which would have been a violation of section 19 of the Controlled Dangerous Substances Act (P. L. 1970, c. 226; C. 24:21–19) if committed by an adult and the juvenile, at the time he committed the act, was not addicted to a narcotic drug as that term is defined in section 2 of the Controlled Dangerous Substances Act (P. L. 1970, c. 226; C. 24:21–2) ; and

c. The court is satisfied that adequate protection of the public requires waiver and is satisfied there are no reasonable prospects for rehabilitation of the juvenile prior to his attaining the age of majority by use of the procedures, services and facilities available to the court.

*R.* 5:9–5, "Referral to Other Courts," substantially tracks the statute.

hearing on the date of the * * * delinquency trial." See *R.* 5:9–5(b) (effective September 8, 1975, after the hearing in this matter).

At the waiver hearing on the weapon's complaint it was developed that on the day in question —

Police officers in a patrol car observed A.R. and another starting to cross a city street at about 2 A.M. As the police neared the two "they spotted us and made a brief turn real quick and started walking back." The illumination at the scene from "regular street lights" was good. When the police were about 30 feet from the pair a spotlight was turned on them, at which time A.R. "threw something from his hand." Later one of the officers "walked back by the bushes and with my flashlight picked up a .22 caliber pistol." The weapon was cocked and loaded.

On these facts the Juvenile Court stated:

* *" * the only question in the court's mind is that this is an offense against the person in an aggressive, violent and willful manner in violation of the statute. So the possession of a dangerous weapon, to wit, a .22 caliber which was cocked and loaded, the court feels that it falls into the category and I feel that probable cause has been found and, therefor, in this case this matter will be sent to the Grand Jury *" *" *

We hold this error.

Under *N. J. S. A.* 2A:4–48 the court may, without a juvenile's consent, refer a matter for adult prosecution where the juvenile is between 16 and 18 years of age and where the court is satisfied that the public protection requires the waiver and that there is no reasonable prospect for rehabilitation by use of the facilities available to the court before the juvenile attains "the age of majority." The act (and *R.* 5:9–5) limit transfers to four specific categories of offenses[2] — *i. e.,* where there is probable cause to believe

---

[2] Except for juveniles over 16 years of age, who may in appropriate cases elect transfer, all other offenses are within the exclusive jurisdiction of the Juvenile and Domestic Relations Court. *N. J. S. A.* 2A:4–44, 45, 46 and 49.

that the juvenile committed a delinquent act which would constitute (1) homicide; (2) treason if committed by an adult; (3) an offense against the person in an aggressive, violent and willful manner, or (4) a violation of *N. J. S. A.* 24:21-19 (manufacture, distribution, dispensing or possession with intent to do the latter acts of certain controlled dangerous substances) by a juvenile not addicted to specified narcotic drugs.

The issue here, then, is simply whether the weapons offense described in the record was an offense against a person done in a willful manner, aggressively and violently. Clearly it was not. We do not mean to deprecate the seriousness of A.R.'s conduct. While it had the clear potential for high violence — made greater by the weapon being loaded and cocked — there simply was no offense against a person. There was no aggression. There was no violence. The record shows only possession of the weapon in A.R. and his unsuccessful attempt to surreptitiously divest himself of it.

Prior to the enactment in 1974 of *N. J. S. A.* 2A:4-48 references of juveniles to the county prosecutor for adult treatment were governed by *N. J. S. A.* 2A:4-15 (repealed by *L.* 1973, *c.* 306, § 27). Under the latter, transfers were permitted in the cases of habitual offenders or where a juvenile, of the age of 16 or 17 years, had been charged with an offense of a heinous nature. We are directed to no authority, nor do we find any, where the possession of a weapon would fit the statutory bill under either act. See, *e. g., State v. Loray,* 46 *N. J.* 179 (1965) ; *State v. Tuddles,* 38 *N. J.* 565 (1962) ; *Goodlet v. Goodman,* 34 *N. J.* 358 (1961), *cert.* den. 368 *U. S.* 855, 82 *S. Ct.* 92, 7 *L. Ed.* 2d 52 (1961) ; *State in re Steenback,* 34 *N. J.* 89 (1961) ; *State v. Smith,* 32 *N. J.* 501 (1960), *cert.* den. 364 *U. S.* 936, 81 *S. Ct.* 383, 5 *L. Ed.* 2d 367 (1961) ; *In re Smigielski,* 30 *N. J.* 513 (1959) ; *State v. Van Buren,* 29 *N. J.* 548 (1959) ; *Johnson v. State,* 18 *N. J.* 422 (1955), *cert.* den. 350 *U. S.* 942, 76 *S. Ct.* 318, 100 *L. Ed.* 822 (1956) ; *State*

*v. Monahan,* 15 *N. J.* 34 (1954). All of the cited authorities reflect offenses of a heinous nature or against persons done in an aggressive, violent and willful manner.[3]

In sum, we are satisfied that the Legislature intended that offenses of the quality reflected in this record are vested in the Juvenile and Domestic Relations Court, and exclusively so, unless the juvenile, 16 years or older, elects other appropriate treatment. *N. J. S. A.* 2A:4–49. *State v. Monahan, supra* at 46. Any broadening of the offenses warranting transfer for other prosecution must come from the Legislature.

Accordingly, insofar as the order under review transferred the charge of possessing a dangerous weapon to the grand jury, it is reversed. The matter is remanded to the Juvenile and Domestic Relations Court for further proceedings consonant with governing statutes and rules of court. We do not retain jurisdiction.

---

[3]However, in *State v. Evangelista,* 134 *N. J. Super.* 64 (Law Div. 1975) (holding transfer orders to be final judgments directly appealable to the Appellate Division and not reviewable on motions to dismiss indictments), it appears that the juvenile was indicted for (1) assault with intent to kill; (2) assault with a dangerous weapon; (3) atrocious assault and battery; (4) possession of a dangerous weapon, and (5) conspiracy to commit an atrocious assault and battery. Not being necessary for its disposition, *Evangelista* did not recite its underlying facts. Since there was but one indictment we assume the possession count was but part of the overall more serious, and apparently assaultive, criminal transaction.