159 N.J. Super. 267 (1978)
387 A.2d 1223
STATE OF NEW JERSEY, IN THE INTEREST OF R.L.P., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 4, 1978.
Decided May 2, 1978.
*268 Before Judges HALPERN, LARNER and KING.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Stanford M. Singer, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. William F. Hyland, former Attorney General of New Jersey, and Mr. Leonard D. Ronco, Acting Essex County Prosecutor, of counsel; Ms. Andrea R. Grundfest, Special Deputy Attorney General, on the brief).
*269 The opinion of the court was delivered by KING, J.A.D.
This case raises the question of the extent of the power of the Juvenile and Domestic Relations Court to waive jurisdiction over possession of weapons and escape charges which are joined with homicide charges or charges of aggressive, violent and willful offenses against the person. In pertinent part R. 5:9-5(b) states:
The juvenile and domestic relations court may, after a preliminary hearing, without the consent of the juvenile, waive jurisdiction over a case and refer that case to the appropriate court and prosecuting authority having jurisdiction; provided the court shall find that the juvenile was 16 years of age or over at the time of the charged delinquent act and that there is probable cause to believe that the juvenile committed a delinquent act which would constitute homicide * * * if committed by an adult, [or] committed an offense against the person in an aggressive, violent and willful manner * * *.
The rule, effective March 1, 1974, parallels the language of the pertinent statute which was adopted as L. 1973, c. 306, § 7, with the same effective date. N.J.S.A. 2A:4-48 states:
The juvenile and domestic relations court may, without the consent of the juvenile, waive jurisdiction over a case and refer that case to the appropriate court and prosecuting authority having jurisdiction if it finds, after hearing, that:
a. The juvenile was 16 years of age or older at the time of the charged delinquent act;
b. There is probable cause to believe that the juvenile committed a delinquent act which would constitute homicide, * * * if committed by an adult or committed an offense against the person in an aggressive, violent and willful manner * * *.
We are concerned with the scope of waiver of Juvenile Court jurisdiction where the court is satisfied that the juvenile committed "an offense against the person in an aggressive, violent and willful manner" or a homicide while in possession of a weapon, or during an escape from custody. Counsel for the juvenile asserts that R. 5:9-5(b) and N.J.S.A. 2A:4-48 authorize waiver of jurisdiction by the Juvenile *270 Court on the violent offense against the person alone and require retention of all other related charges. The State contends that the Juvenile Court has the power to waive jurisdiction over the entire criminal transaction so long as a complaint charges, and there is probable cause to believe, an aggressive, violent and willful offense against the person has been committed.
The issue arises in the following factual context. In October 1976 a delinquency complaint was filed against the juvenile, R.L.P., charging him with acts which if committed by an adult would constitute homicide, in violation of N.J.S.A. 2A:113-1. The complaint alleges that on October 5 R.L.P., in conjunction with two accomplices, murdered Carmelo Pabon by "stabbing him." The same complaint also charges R.L.P. with possession of a 38-caliber revolver at the same time and place, which if he was an adult would be a violation of N.J.S.A. 2A:151-41.
In February 1977 two additional delinquency complaints were filed against R.L.P. The first charged him with "Escape with the Aid of Gun, threatening life, Poss[ession] and Dang[erous] weapon." Although inartfully drafted, this complaint undoubtedly charged R.L.P. with escape from a detention center, in violation of N.J.S.A. 2A:104-6; threat to take life, in violation of N.J.S.A. 2A:113-8, and possession of a dangerous weapon, in violation of N.J.S.A. 2A:151-41. The second complaint filed in February charged R.L.P. with a robbery, in violation of N.J.S.A. 2A:141-1, and possession of a 32-caliber automatic, in violation of N.J.S.A. 2A:151-41, at the same time and place.
In April 1977 a R. 5:9-5(b) hearing was conducted and the Juvenile Court judge waived jurisdiction as to all three complaints.
The juvenile relies on State in the Interest of A.R., 144 N.J. Super. 384 (App. Div. 1976), in his effort to defeat the waiver as to the possession of weapons and escape charges. In A.R. the juvenile was charged with possession of a dangerous weapon on July 1, 1974 and robbery on August 16, *271 1974. The trial court waived jurisdiction on both complaints and referred them to the grand jury. This court reversed with respect to the charge of possession of a dangerous weapon on July 1, 1974. We held that possession of a weapon, standing alone, was not a willful, aggressive and violent act against a person within the meaning of R. 5:9-5(b) and N.J.S.A. 2A:4-48. A.R. does not control the present situation because the possession of weapon and escape offenses are here alleged to have occurred in conjunction with violent offenses against the person.
We note that both R. 5:9-5(b) and N.J.S.A. 2A:4-48 state that the court may "waive jurisdiction over a case and refer that case to the appropriate court and prosecuting authority." (emphasis supplied). The plain language of the rule and statute supports the right of the court to waive jurisdiction over the entire criminal episode where violence against a person is involved. There is nothing in the rule or statute which compels a court to adopt a doctrine of fractionalized waiver. The language is entirely compatible with the State's contention that a transactional waiver approach is preferable.
Nor is there any basis in common sense or public policy which favors the adoption of a procedural requirement that fragments the prosecution of violent offenses in the adult court and possessory offenses or escapes in the Juvenile Court. Our Supreme Court recently spoke very strongly against fragmenting criminal charges, thereby requiring separate trials arising from a single criminal episode. In State v. Gregory, 66 N.J. 510 (1975), Justice Jacobs stated for a unanimous court:
In the civil field we have long required that the entire controversy be disposed of in a single proceeding and we have not hesitated to bar a second proceeding by a party who unfairly withheld a fragment of his claim for a later proceeding. See Falcone v. Middlesex County Med. Soc., 47 N.J. 92 (1966). There would seem to be even more reason for this approach in the criminal field (cf. State v. Cooper, 13 N.J.L. 361, 375-376 (Sup. Ct. 1833); Brennan, J. in Ashe v. Swenson, supra, 397 U.S. [436] at 456-457, 90 S.Ct. *272 [1189] at 1200-1201, 25 L.Ed.2d [469] at 482-482) and in recent years there has been noticeable movement in that direction, stimulated in considerable part by recommendations of the American Law Institute. See Model Penal Code, supra, § 1.07(2); cf. New Jersey Penal Code, supra, § 2C:1-7(b); [at 518-519; additional citations omitted].
Justice Jacobs concluded that §§ 1.07(2) and 1.07(3) of the Model Penal Code requiring compulsory joinder of all offenses known to the prosecuting attorney "based on the same conduct or arising from the same criminal episode" were to be "considered in full force and effect in our State." Id. at 519, 522. Failure to join would bar a subsequent trial. The Supreme Court more specifically formalized the requirement of compulsory joinder when it adopted R. 3:15-1(b), effective September 6, 1977, which provides:
* * * a defendant shall not be subject to separate trials for multiple indictable offenses based on the same conduct or arising from the same criminal episode or transaction if such offenses are known to the appropriate prosecuting attorney at the time of the commencement of the first trial.
We see no reason to depart from the teaching of State v. Gregory, supra, and R. 3:15-1(b), as amended, in this situation. To require treatment of the same criminal episode partially in Juvenile Court and partially in adult court would serve no beneficial purposes believed to be derived from the creation of a system of juvenile courts. To permit fragmentation of the criminal transaction invites many possible problems, such as in sentencing, or with collateral estoppel, double jeopardy and merger. Fragmentation is also wasteful of prosecutorial, defense and judicial resources. We therefore hold that the joinder principles expressed in State v. Gregory, supra, R. 3:15-1(b) and § 1.07(2) of the Model Penal Code control in cases where the Juvenile Court waives jurisdiction under R. 5:9-5(b) and N.J.S.A. 2A:4-48.
R.L.P. further argues that he was only alleged to have been an aider and abettor to the armed robbery. He *273 contends the charge was not waivable because it did not constitute an "offense against the person" as required by law. We recently found this contention to be clearly without merit. In State in Interest of B.T., 145 N.J. Super. 268, 276 (App. Div. 1976), this court stated that an aider and abettor in a homicide is equally as guilty as a principal and "as amenable to the transfer process as his cohort who has pulled the trigger."
Appellant's additional contentions that (1) the court erred in finding probable cause on the robbery charge and (2) the court abused its discretion in finding that there were no reasonable prospects for rehabilitation in the juvenile justice system are clearly without merit. R. 2:11-3(e)(2).
Affirmed.