596 P.2d 264

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John J. GARCIA, Defendant-Appellant.**

**No. 12136.**

Supreme Court of New Mexico.

June 14, 1979.

Todd E. Farkas, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Charlotte H. Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

The State of New Mexico filed a petition in the children's court of Bernalillo County charging the delinquency of John J. Garcia (appellant) for voluntary manslaughter. An amended petition was later filed charging appellant with the delinquent acts of murder and, alternatively, felony murder and attempted armed robbery with firearm enhancement. A second amended petition was filed alleging murder, attempted armed robbery with a firearm enhancement, and conspiracy to commit robbery. A transfer hearing was held pursuant to § 32–1–30, N.M.S.A.1978 and Children's Court Rule 30. The children's court ordered that jurisdiction of appellant be transferred to the district court for trial as an adult on the

crimes charged in the second amended petition. After the case had been transferred to the district court the grand jury returned an indictment against appellant as an accessory to felony murder, an accessory and co-conspirator to attempted robbery with a deadly weapon (firearm), and for conspiracy to commit armed robbery.

Appellant moved to quash the indictment after it was returned on the grounds that the transfer order controlled any further proceedings in the district court and that there was no provision in the law for indictment following the transfer. The district court denied the motion and, after trial, appellant was convicted on all counts of the indictment. This appeal followed.

Appellant claims that the district court's jurisdiction was limited to the trial of the single offense of felony murder which was contained in the children's court transfer order. He argues that the trial court erred in refusing to quash the attempted armed robbery and conspiracy counts, since those crimes were not listed in the transfer order.

The children's court is a division of the district court for each county. § 32–1–4, N.M.S.A.1978. It has exclusive original jurisdiction of all proceedings under the Children's Code in which a child is under the age of 18 and is alleged to be a delinquent child. § 32–1–9, N.M.S.A.1978.

The children's court has discretion to transfer a matter to the district court for prosecution there as provided in § 32–1–30(A)(1), N.M.S.A.1978, if:

the child was fifteen years of age or more at the time of the conduct alleged to be a delinquent act, and the alleged delinquent act is murder under Section 30–2–1 NMSA 1978, or when the child was sixteen years of age or more and the alleged act is assault with intent to commit a violent felony under Section 30–3–3 NMSA 1978, * * *

In this case the child was transferred on the delinquent acts of murder, and, alternatively, felony murder, with attempted robbery as the underlying felony.

The Children's Code and Rules of Procedure for the children's court do not affect proceedings in the district court when an individual is tried in the district court as an adult. A review of our statutes and rules of criminal procedure convinces us that the prosecution of appellant was validly initiated after transfer occurred.

Under the New Mexico Constitution, sole and exclusive jurisdiction for the trial of felony cases is in the district courts. N.M. Const., Art. VI, § 13; *State v. McKinley*, 53 N.M. 106, 202 P.2d 964 (1949). The rules of criminal procedure prescribe the manner in which a criminal prosecution must be commenced, conducted and terminated. § 31–1–3, N.M.S.A.1978.

Proper statutory construction requires this Court to interpret statutes in a way which will not render their application unreasonable nor defeat the intended objective of the Legislature. *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977). It seems clear to us that the Legislature, in enacting §§ 32–1–11 and 32–1–30, N.M.S.A.1978, intended to create a mechanism which would allow both the children's court and the district court to exercise full subject matter jurisdiction in criminal matters. The only determination to be made in transferring individuals from the children's court to the district court is whether, because of the child's age and the type of delinquent act involved, the case should be tried in district court.

Under appellant's view, the children's court would retain jurisdiction over the underlying felony, armed robbery, aiding and abetting and conspiracy. If we were to apply appellant's interpretation of the Children's Code, appellant could be tried twice for offenses arising out of the same circumstances and requiring substantially the same evidence. Further, if appellant's interpretation were applied, he would be subject to rehabilitation as a juvenile, while at the same time he could be sentenced to prison as an adult offender.

If the children's court finds at the hearing on a transfer that the juvenile should be prosecuted as an adult, then the adult division obtains personal jurisdiction

over the child and subject matter jurisdiction over the entire case. This interpretation is consistent with the language in all sections of the Children's Code dealing with transfer hearings. *See* sections 32–1–11, 32–1–29 and 32–1–30.

In *State in Interest of R.L.P.*, 159 N.J.Super. 267, 387 A.2d 1223 (1978), the Superior Court of New Jersey addressed a similar issue and held that the state's juvenile statute permitted waiver of the entire criminal episode when jurisdiction was transferred to adult district court. The pertinent New Jersey statute, N.J.S.A. 2A:4–48, like the New Mexico statute, permitted transfer if the child was 16 years or older and committed an act which would constitute homicide or which would be a violent felony.

The New Jersey court stated that there were sound policy reasons for transfer of the entire matter rather than fragmenting trials on offenses arising from the same criminal charges:

> To require treatment of the same criminal episode partially in Juvenile Court and partially in adult court would serve no beneficial purposes believed to be derived from the creation of a system of juvenile courts. To permit fragmentation of the criminal transaction invites many possible problems, such as in sentencing, or with collateral estoppel, double jeopardy and merger. Fragmentation is also wasteful of prosecutorial, defense and judicial resources.

387 A.2d at 1226.

The policy against fragmentation of criminal proceedings set forth by the New Jersey court echoes that which was previously established by this Court in adult criminal cases. *See State v. Tijerina*, 86 N.M. 31, 519 P.2d 127 (1973), *cert. denied*, 417 U.S. 956, 94 S.Ct. 3085, 41 L.Ed.2d 674 (1974); *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977).

■ The court's original order transferring jurisdiction over appellant on the matters alleged in the second petition was proper. Although the corrected order did not specifically allege the offenses for which appellant was ultimately tried, the entire matter was transferred to the district court. It follows that the indictment which covered offenses arising from the same transaction was proper and the ruling of the trial court denying appellant's motion to quash was correct.

Appellant next contends that the trial court erred in denying his motions for a mistrial and his motion for a new trial, based on the prosecutor's failure to disclose evidence.

In his first motion for a mistrial appellant argued that the prosecutor had withheld information. The information in question was a supplemental police report which appellant's attorney became aware of while appellant was being cross-examined by the State. The police report had been in the prosecutor's file relating to Francisco Gomez, a principal involved in the felony murder, and was not within the prosecutor's control until after the trial had begun. Appellant was not named in the report. The trial court denied appellant's motion and instructed the prosecutor to give appellant's attorney a copy of the report. The trial then recessed until the following day.

When the trial resumed the next day appellant renewed his motion for a mistrial. He argued that the failure to disclose the supplemental police report prevented him from discovering an additional witness who could have corroborated his contention that he had no knowledge of a .38 caliber pistol which was allegedly connected with the offense. The basis for appellant's motion was that appellant was not mentioned by the witness, in her statement to a police investigator, as being one of those persons present when Francisco Gomez was showing her and others a .38 caliber pistol. This motion for mistrial was also denied but the court ruled that the allegedly exculpatory statement could be offered as testimony by appellant if the witness who gave it could not be subpoenaed. Appellant's attorney agreed to this procedure and the statement was subsequently read to the jury at the close of all evidence.

A motion for mistrial is addressed to the trial court's discretion and is reviewable only on the basis of an abuse of discretion. *State v. Johnson*, 91 N.M. 148, 571 P.2d 415 (Ct.App.1977); *State v. Padilla*, 86 N.M. 282, 523 P.2d 17 (Ct.App.1974), *cert. denied*, 86 N.M. 281, 523 P.2d 16 (1974). *See also Transwestern Pipe Line Company v. Yandell*, 69 N.M. 448, 367 P.2d 938 (1961). Based upon our review of the evidence in this case we find no abuse of discretion by the trial court.

Appellant relies on *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975) in arguing that he is entitled to a new trial. *Chacon* requires that appellant show he was prejudiced by the State's failure to disclose evidence material to the defense in order to allow a new trial. Appellant has failed to show prejudice in this case. The police report which he sought was made available to his attorney before the trial ended. In addition, appellant's motion for a new trial was not timely filed.

Appellant's motion for a new trial was filed on May 1, 1978, twenty days following his conviction on April 11, 1978. N.M.R.Crim.P. 45(c), N.M.S.A.1978 provides:

> *Time for making motion for new trial.* A motion for a new trial based on the ground of newly discovered evidence may be made only before final judgment, or within two years thereafter, but if an appeal is pending the court may grant the motion only on remand of the case. *A motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty* or within such further time as the court may fix during the ten-day period. (Emphasis added.)

Appellant's motion was not made within the ten-day period prescribed by Rule 45 and was properly denied.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.