IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                              NO.  29,178

FERNANDO GUTIERREZ-SALAZAR,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Eugenia S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

    Defendant is appealing from a district court judgment and sentence entered after a jury found Defendant guilty of false imprisonment.  We issued a calendar notice proposing to affirm, and Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to challenge sufficiency of the evidence to support his conviction for false imprisonment. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support the conviction for false imprisonment, the evidence had to show that Defendant restrained or confined Victim against her will, and that he knew that he did not have authority to do this. [RP 130] We are not persuaded by Defendant's memorandum that the State failed to present sufficient evidence to satisfy the elements of this offense. Victim testified that Defendant, a former boyfriend, observed her sitting in a vehicle with another man, prompting him to grab her before she could get away and to transport her to the Inn against her will in another car driven by Facundo Torres. [RP 152; DS 1-2] Mr. Torres corroborated the basic facts of the incident, testifying that Defendant forced Victim into his vehicle, pulling her out of the vehicle once they reached the Inn. [RP 157; MIO 2; DS 2] The jury could conclude that the false imprisonment was complete when she was forced into the vehicle and confined against her will irrespective of any acts that took place later. *See*

2

*State v. Muise*, 103 N.M. 382, 388, 707 P.2d 1192, 1198 ("The restraint constituting false imprisonment may arise out of words, acts, gestures or similar means which result in a reasonable fear of personal difficulty or personal injuries if the victim does not submit."). To the extent that some of Victim's testimony was inconsistent with respect to the acts in question, this was a matter to be resolved by the factfinder, which in this case was the jury. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**ROBERT E. ROBLES, Judge**